UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUSTIN MITCHELL,<br>Plaintiff,<br>v.<br>STUART SHERMAN,<br>Defendant. | Case No. 19-cv-04894-JCS<br><br>**ORDER GRANTING MOTION TO LIFT STAY**<br><br>**ORDER TO SHOW CAUSE** |

## I. INTRODUCTION

Petitioner Justin Mitchell seeks federal habeas relief under 28 U.S.C. § 2254 from his criminal convictions in California state court. The petition for such relief is here for review under 28 U.S.C. § 2243 and Rule 4 of the Rules Governing Section 2254 Cases.

The Court previously stayed proceedings to allow Mitchell to exhaust certain theories in state court, which Mitchell has now done. Mitchell's motion to lift the stay is GRANTED. Respondent Stuart Sherman is ORDERED TO SHOW CAUSE why relief should not be granted, and shall file a response to the petition on or before May 11, 2020.

## II. BACKGROUND

Mitchell states in his petition that he was convicted of burglary and other charges following a jury trial in the California Superior Court for San Mateo County. A California appellate court affirmed his conviction in March of 2018, and the California Supreme Court summarily denied review in May of 2018. Mitchell filed this habeas action on August 14, 2019. At Mitchell's request, the Court stayed proceedings to allow Mitchell to pursue unexhausted theories in state court pursuant to *Rhines v. Weber*, 544 U.S. 269 (2005). The California Supreme Court denied Mitchell's habeas petition without comment on December 18, 2019. The Court now GRANTS Mitchell's motion to lift the stay.

## III. ANALYSIS

This Court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A district court considering an application for a writ of habeas corpus shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false. *See Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990).

As grounds for federal habeas relief, Mitchell asserts: (1) that an improper jury instruction regarding permissible inferences from failure to explain or deny testimony violated his rights under the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution, *see* Pet. (dkt. 1) ¶¶ 10–11; and (2) that Mitchell's trial attorney's failure to object to that instruction and failure to seek an instruction regarding cautious treatment of accomplice testimony constitute ineffective assistance of counsel under *Strickland v. Washington*, 466 U.S. 668 (1984), violating Mitchell's rights under the Sixth Amendment, Pet. ¶¶ 12–18. When liberally construed, these claims are cognizable in a federal habeas corpus action.

## IV. CONCLUSION

1. The Clerk shall serve a copy of this order, the petition and all attachments thereto, and a magistrate judge jurisdiction consent or declination form on Respondent and Respondent's counsel, the Attorney General for the State of California.

2. No later than May 11, 2020, Respondent shall file an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted based on Mitchell's claims. Respondent shall file with the answer all portions of the state trial record that previously have been transcribed and that are relevant to a determination of the issues presented by the petition.

3. If Mitchell wishes to respond to the answer, he shall do so by filing a traverse with the

1  Court no later than June 8, 2020.

2      4. In lieu of an answer, Respondent may file, no later than May 11, 2020, a motion to dismiss on procedural grounds, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If Respondent files such a motion, Mitchell shall file an opposition or statement of non-opposition no later than June 8, 2020, and Respondent shall file a reply no later than June 22, 2020.

    5. Upon a showing of good cause, requests for a reasonable extension of time will be granted provided they are filed on or before the deadline they seek to extend.

**IT IS SO ORDERED.**

Dated: February 11, 2020

_____
JOSEPH C. SPERO
Chief Magistrate Judge