UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JUSTIN MITCHELL,

              Plaintiff,

    v.

STUART SHERMAN,

              Defendant.

Case No.  19-cv-04894-VC

**ORDER DENYING PETITION AND CERTIFICATE OF APPEALABILITY**

Re: Dkt. No. 1

       Mitchell's habeas petition is denied. For the reasons given in the California Court of Appeal's detailed and careful opinion on direct review, the failure-to-explain instruction does not violate due process as a categorical matter. And although it was error to give the instruction in the context of Mitchell's trial, that error does not rise to the level of a due process violation. The Court of Appeal's rejection of the due process claim was therefore neither contrary to nor an unreasonable application of clearly established federal law. The Court has reviewed the traverse, even though it was filed very late, and it does not change the analysis.

       With respect to the ineffective assistance of counsel claim, Mitchell is correct that counsel's performance was deficient based on his failure to request the accomplice instruction. Counsel's performance was also likely deficient based on his failure to intervene when the trial judge inadvertently read the failure-to-explain instruction that the prosecution, the defense, and the trial judge had previously agreed was unwarranted. But the California Supreme Court's rejection of the ineffective assistance of counsel claim on state habeas review was not unreasonable. On direct review, the Court of Appeal thoroughly discussed the cumulative effect

of these two instructional errors.[1] For the reasons given by that court, the errors were not prejudicial—not even on a de novo review standard. Therefore, Mitchell has no colorable claim for relief on deferential federal habeas review. *See Harrington v. Richter*, 562 U.S. 86, 102 (2011).

A certificate of appealability will not issue for either claim. *See* 28 U.S.C. § 2253(c). They are not ones where "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The Clerk shall enter judgment in favor of the respondent and close the file.

**IT IS SO ORDERED.**

Dated: October 9, 2020

_____
VINCE CHHABRIA
United States District Judge

---

[1] Although the Court of Appeal did not consider an ineffective assistance of counsel claim, it conducted the same prejudice analysis that would be required for such a claim—the court analyzed the cumulative effect of: (i) the trial court's failure to give the accomplice instruction; and (ii) its inadvertent reading of the failure-to-explain instruction.